HaRRis, J.,
delivered the opinion of the Court.
At the March Term, 1855, of the Circuit Court, for the county of Gibson, the plaintiff in error presented his petition for writs of certiorari and superse-deas ; the petition was granted by the Court and said writs issued. The petition sets forth, that on the 14th day of January, 1854, Fagan recovered a judgment, *543 before a justice of the peace, against Elliott & Harris, for the sum of one hundred and fifty dollars, and that the same was stayed by Sharp: that after the stay had expired, Fagan agreed with Elliott, that if he would pay him at that time, (21st October, 1854,) the sum of fifteen dollars on said judgment, and ten dollars on the 6th day of December, 1854, he would indulge him, and take no steps to collect the balance until the 25th December, 1854, and that the twenty-five dollars were paid, and the indulgence given in pursuance of said agreement, which had been made without the knowledge or consent of Sharp, and which he insists discharged. him from his liability. At the November Term, 1855, of said Court, on motion of the plaintiff, the petition was dismissed by the Court— the supersedeas discharged — a procedendo ordered, and judgment rendered against Sharp for the costs, from which judgment he has appealed to this Court.
The only question presented is, was this such an agreement as would discharge the security for the stay of execution? -To have that effect the contract must be such as would bind the parties, and such as the Courts could enforce.
What consideration did the plaintiff receive for the indulgence he agreed to give? He received twenty-five dollars in part payment of his judgment, upon which he had the right to have his execution, not for the twenty-five dollars alone, but for the whole amount. Suppose Elliott had not paid the ten dollars he agreed to pay on the 6th December, 1854, did the plaintiff by this agreement obtain any better or additional remedy for its collection than he had before?
*544 Or suppose that after the payment of the twenty-five dollars, the plaintiff had disregarded the agreement and issued his execution on the judgment, could it be seriously contended that he would not have had the right to do so, notwithstanding the agreement; and no Court could legally have quashed said execution, if applied to for that purpose. There being no consideration to support the contract, it was binding on no one.
While we fully admit the principle, that a valid agreement for delay, entered into between the principal and the creditor, will release the surety, we do not think that there is any such agreement in this case.
The Circuit Judge having taken this view of the subject, we affirm the judgment.